UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDEEP SANDEEP (A No. 220 842 596),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-0051 DAD CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]   For the reasons which follow, the court recommends that the petition be denied.

I.  Facts

Petitioner, a native and citizen of India, entered the United States near Calexico on February 18, 2022, without authorization.  ECF No. 13-1 at 3.  Petitioner was released into the United States on February 26, 2022.  Id.

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

On August 8, 2024, petitioner plead guilty in the Superior Court of Santa Clara County to assault with intent to rape and false imprisonment.  ECF No. 13-3 at 23.  On July 31, 2025, petitioner was sentenced to 2 years imprisonment for the assault charge and 16 months for the false imprisonment charges with the sentences to be served concurrently.  Id.  As of the date of sentencing, petitioner had already served his sentence.  Id. at 24.

On December 1, 2025, petitioner was arrested by ICE officers in front of his home in Sunnyvale and eventually transported to the Golden State Annex ICE Detention Facility.  ECF No. 1 at 5-6; 13-1 at 3.  He was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) & § 1182(a)(7)(A)(i)(I).

Petitioner challenges his continued detention.  The status of petitioner's removal proceedings is not clear.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Respondents argue that petitioner is subject to mandatory detention under 28 U.S.C. § 1226(c)(1)(B) and 28 U.S.C. § 1227(a)(2)(A)(iii) because petitioner's conviction for assault with the intent to commit rape amounts to an "aggravated felony."  Under 8 U.S.C. § 1101(a)(43), attempted rape is an "aggravated felony" requiring mandatory detention under 28 U.S.C. § 1226(c)(1)(B) and 28 U.S.C. § 1227(a)(2)(A)(iii) and, as noted by respondents, assault with the

2

intent to commit rape is an aggravated form of attempted rape under California law. People v. Ghent, 43 Cal. 3d 739, 757 (1987). Therefore, petitioner is subject to mandatory detention.

Also, as noted by the district court judge assigned to this case in an order denying preliminary injunctive relief (ECF No. 18), petitioner has the ability to challenge whether his convictions qualify petitioner for mandatory detention via a request for a Joseph hearing before an immigration judge. Demore v. Kim, 538 U.S. 510, 514 n.3 (2003). Petitioner having not done so amounts to a failure to exhaust administrative remedies rendering habeas relief unavailable. See Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *3 (E.D. Cal. Apr. 16, 2026).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sand0051.imm.frs

3